Price, J.
The plaintiff in error, and who was plaintiff in the lower courts, was unmarried when the will of James M. Willis was executed, and she was correctly named therein as Laura B. Willis, one of the residuary legatees under said will. In addition to the facts set out in the statement of this case, her amended petition, in substance, avers that when William R. Willis, deceased, was appointed executor of the will of James M. Willis, he was indebted to the estate of the latter in the sum of about $15,000, which sum" became assets in the hands "of such executor which belonged to the estate of the testator, but that said executor departed this life without having rendered any account of his doings as executor, and before any account was due from or required of him, and that the defendant, J. Madison Willis, was appointed as the administrator of his estate, and that in October, 1892, upon citation of the probate court, this administrator filed in that court a statement or account of the doings of William R.~Willis as executor of the will of James M. Willis, *196 deceased; in which statement or account, the - administrator of the estate of the executor, claimed that no assets or property of the estate of James M. Willis ever came into the hands of William R. Willis as such executor, and that William R. Willis at his death, had in his hands none of the assets of said estate.
Exceptions were filed to the statement or account hy the plaintiff and another party interested, and upon hearing of the account and exceptions thereto, the probate court overruled some and sustained others. The court found and adjudged that on the eighth day of March, 1881, there was due and owing from William R. Willis to said James M. Willis the sum of $2,500 on a note, on which no payments had been made, and that said indebtedness continued to be due and owing during the remainder of the lifetime of said James M. Willis, and that the same was a valid and subsisting claim in favor of the estate of James M. Willis, with which the said William R. Willis as such executor should have charged himself, and that his administrator should be charged with said indebtedness in his account, and ordered him to pay the same to the administrator with the will annexed, of said James M. Willis.5
The court further found and adjudged that on the seventh of March, 1884, there was due from William R. Willis to James M. Willis the sum of $385, on which no payments had been made, and that this indebtedness existed at the death of said James M. Willis, and when said William R. Willis became the executor of the will of said James M. Willis, and that said debt became assets of the latter’s estate with which the executor should have charged him *197 self, and that the administrator of the estate of the exeentor should be charged with the Same. The same formal finding was made as to an indebtedness of $1,505.58 from William E. to James M. Willis from the seventh of January, 1885, which remained due and unpaid when William E. became executor of the will, and thus became assets of the estate of said James M. Willis. The same formal finding was also made as to an indebtedness of William E. to James M. Willis in the sum of $760, from January 26, 1885; and another item of indebtedness of $1,-551.21, due from April 13, 1886; and another of $4,379.50 due since March 1,1888. It is alleged that each and all of these several sums were due from said William E. to James M. Willis, when the former became the exeentor of the will of the latter and became assets of the estate of the testator in the hands of such exeentor with which he should have charged himself, and which should be charged to the estate of the exeentor, and the probate court so charged the account of his administrator. The probate court also charged the estate of the exeentor with farm rent due from William E. to the estate of James M. Willis the sum of $800.
It is alleged that the above amounts so found in the hands of William E. Willis as exeentor, and with which his estate should be charged, as of the first day of January, 1894, aggregate $19,182.81, and; that said sum should at said time have been paid over to the parties entitled thereto under the will of James M. Willis, deceased.
The petition next alleges that said defendant, J.. Madison Willis, as administrator, has ever since the entering of the finding and judgment of the probate *198 court, neglected to pay any portion of said amounts so found in the hands of William R. Willis as such executor and with which his estate was charged as aforesaid, to the parties entitled thereto; and that all the debts of the estate of James M. Willis had theretofore been fully paid.
The plaintiff says that as one of the legatees under said will, she is entitled to receive one-third of the total residuary personal estate of said James M. Willis, and that in equity she is entitled to receive from the defendant, J. Madison Willis, as administrator of the estate of William R. Willis, such sum in excess of an equal one-third part of the present amount of said finding and judgment of the probate court, as will, in connection with what has already been received from said estate of James M. Willis, and her share and interest of the moneys in the hands of Humphrey Jones, as administrator, amount to and equal her full one-third share of said residuary estate, which she has demanded of the defendant, but that he refuses to pay any part of it. It is next alleged that the defendant, as administrator of the estate of William R. Willis, has taken no steps to reduce into money any of the property or estate of William R. Willis for the purpose of meeting the obligation to pay said sum of $19,-182.81, as charged against the estate of said William R. Willis, but on the contrary has suffered his heirs at law to take and appropriate to themselves all the personal estate of the said William R., so that the same has become lost and now is impossible of recovery, and refuses to take any steps for the purpose of bringing to sale any portion of the real estate of William R. Willis for the purpose of paying *199 the just claims against his estate; that as administrator the defendant has filed no inventory or any account in settlement of the estate of William E. Willis.
The plaintiff says she brings this suit in behalf of herself and all others interested in the estate of James M. Willis, who choose to become parties hereto, and she names the other parties as all who are so interested.
The prayer is for an account to be taken of the amount due to the respective legatees and distributees, and that she may have a decree against the defendant as administrator for such portion of the moneys found and adjudged against the estate of William E. Willis by the probate court as she is properly entitled to.
The foregoing is the substance of a very lengthy pleading, and the sole inquiry is, does it state a cause of action?
The examination of this question has developed some points of difficulty, and has required us to investigate quite a field of statutory provisions, and adjudicated cases construing such provisions. The pathway of this investigation is not at all times clear and free from doubt, but we have emerged from the labor in hand with some conclusions which we regard as properly drawn from the facts pleaded and admitted by the demurrer.
It is no longer an open question in Ohio, that-where the debtor of a deceased person is appointed executor or administrator, the debt becomes assets in his hands; and on exceptions to his final account, claiming that he had omitted to charge himself with such debt, the court may hear evidence and deter *200 mine the validity of snch claim and the amount of such debt. Raab’s Estate, 16 Ohio St., 274. See also Tracy’s Admr. v. Card’s Admr., 2 Ohio St., 431; McGaughey, Admr. v. Jacoby et al., 54 Ohio St., 487.
In Raab ’s Estate, supra, it is said on page 283 r “Nor do we perceive any well grounded distinction to be taken as to the powers and duties of the probate court on exception to the account of the administrator, whether the exception be grounded on the neglect of the administrator to charge himself with a debt due from him to the decedent, or his neglect to' inventory or charge himself with any other property or money belonging to the estate, for under the statute, a debt due from the administrator to the decedent, is assets in his hands, for which he is accountable on settlement of the estate, whether it be included in the inventory or not.” In McGaughey, Admr. v. Jacoby et al., supra, it is held that “the indebtedness of an executor to his testator is assets with which he is chargeable at its maturity, as so much money in his hands; and the sureties on his bond are liable for his failure to administer and distribute the same according to law and the will, although he was insolvent at the time of his appointment, and continued to be so until the settlement of his final account.” On page 501, it is said by Williams, C. J.: “Debts due from the executor to the testator, are by force of section 6069 (Revised Statutes) transmuted into money in his hands, and being so, in the language of the court in Hall v. Pratt, 5 Ohio, 73, 'no act of the parties can return them back to an obligation;’ so that they cannot be classed with uncollectible nor uncollected debts within the purview of section 6181. ”
*201 The foregoing is law very familiar to the legal profession, hut it is here re-stated on the theory that the effect of well-known law is ofttimes overlooked.
According to the established rule, the indebtedness of William R. Willis to James M. Willis at the time the former was appointed executor of the will of the latter, was then transmuted into money and he became thereafter chargeable with it as money, whether inventoried or not, and this money remained in his hands as a charge against him as executor in the sum of $19,182.81, .unchanged by any account filed or any order or judgment of any court relieving him therefrom. Such appears from the averments of the amended petition and the findings and judgment of the probate court made a part of that pleading.
It must be kept in mind also, that William R. Willis as executor was not required to give bond, and none was given. He died without having filed any account, and before any account was due to be filed, and, as we must in law presume, with the above sum of money'in his hands. The defendant in error became the administrator of his estate. As such the statute required of him the performance of certain duties. Section 6175a, Revised Statutes, provides: “When an executor or administrator has died or shall by reason df insanity or incompetency, as provided by law, be placed under guardianship before the estate is fully administered, it shall be the duty of the executor, administrator or guardian of such deceased or incompetent executor or administrator to render a final account of decedent’s Or ward’s administration within six months after *202 his appointment.” In connection with this provision, we may consider what was required hy William B. Willis as executor by section 6069, Bevised Statutes, which reads: “The naming of any person executor in a will, shall not operate as a bequest of any just claim which the testator had against such executor; but such claim shall be among the credits and effects of the deceased, in the inventory; and the executor shall be liable for the same, as for so much money in his hands at the time such debt or demand becomes due; and he shall apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the personal estate of the deceased.” This transmutation of the debt into money, satisfied the debt so that it no longer existed. Inasmuch, as the executor, William B. Willis, died charged with whatever valid or just indebtedness was due and owing from him to his testator, what duty in reference thereto, devolved upon the administrator of his estate, under the provisions of section 6175a, supra¶ It required him “to render a final account of such decedent’s * * * administration within six months after his appointment. ’ ’
If, in this case, the administrator of the estate of the executor had found on file in the prohate court, an inventory taken by William B. Willis as executor, in which he reported-the amount he owed his testator as a part of the assets of his estate, the duty of the administrator of the estate of the deceaséd executor, would have been plain, because the returning and filing of such an inventory would have been a step in the due administration of the estate by the executor, and would have to be considered by his *203 administrator when he came to render the final account required by section 6175a, supra.
But we are led to assume that no such item appeared in the inventory filed by the executor, if he filed any such instrument at all. It seems therefore that the administrator of the executor was cited by the probate court to file the account required by statute. He responded, as the petition avers, that no assets or property of the estate of James M. Willis ever came into the hands of William R. Willis as executor, and that William R. Willis, at his death had in his hands none of the assets of the estate.
To this response to the citation exceptions • were filed by parties in interest, and the hearing was had and findings made thereon by the probate court which already appear in this opinion. It would seem to be clear, that the legatees under the will of James M. Willis were not bound to accept as true, the answer made to the citation and they express their disapproval by their exceptions. It may be true that in specie, the debt due from the executor to his testator was not actually in the hands of the ex■ecutor at his death, but in law it was so, and transmuted into money and as such, a charge against him. And of course that charge remained against his estate after his death. If he failed to report in the inventory or account, as in this case, it was competent for the legatees interested in the estate of the "testator to establish the charge by other competent evidence. This was attempted by the exceptions, the purpose of which was to require the administrator of the deceased executor to file the account which the executor should have filed if he had lived to fully administer upon the estate. The proceedings on *204 the exceptions developed the facts as to the executor ’s indebtedness to his testator and, which, if true,, should have appeared in the inventory of his estate. It was during his administration of the estate, that he failed to inventory that part of its assets, but it was within the jurisdiction of the probate court, had' he filed an account omitting- the charge against him, to hear evidence and correct the account according to the facts. So when he died without account, and his administrator came to render an account for him, it would seem that the error of the deceased executor could be corrected on hearing in the probate court, as was done in this case. For the purposes of this, demurrer, we assume the truth of the facts alleged in the amended petition, and, that the probate court had jurisdiction to entertain and pass on the exceptions as well as to make the findings and orders alleged. The lack of this jurisdiction is not as. yet made a question in this case, and we do not assume to determine what is not in some manner put. in issue.
The special ground of controversy appears to involve the plaintiff’s right to bring and maintain this action. It is earnestly contended by defendant in error that she has no such rightthat if she has any remedy, it is tort for damages — devastavit of the executor, William R. Willis. Counsel in their brief assert, — “if she (plaintiff) is entitled, as a legatee, to one-third of the residuary estate of James M. Willis, she may be then entitled to recover against the estate of William R. Willis damages to an amount of one-third of the assets of the estate of James M. Willis converted by William R. Willis, while acting as executor, to his own use.”
*205 Such an action for damages would lie against the estate of William R. Willis, say counsel. It will he observed that the present action is against the estate of William R. Willis and not against his administrator individually. ' We agree with counsel, that some one in some form of action, has a right to sue. But counsel cite in support of their proposition Tracy v. Card, 2 Ohio St., 431; Curtis v. Lynch, 19 Ohio St., 392; Jones, Admr. v. Willis, Admr., 66 Ohio St., 114.
We fail to find in Tracy v. Card, supra, any holding that can bear on the present plaintiff’s right to maintain this action. Many questions are discussed in that case, but it decides nothing to support the contention here. The same may be said of Curtis v. Lynch, supra. The syllabus of that case is: “L. being administrator of CL, died without having settled his account with the estate. The administrator of L. filed in the probate court the account of L. as such administrator, to which the ádministrator de bonis non of C. filed exceptions, and the court on hearing, found a balance due from the estate of L. to the estate of C. The administrator de bonis non of C. brought suit against the administrator of L. on the finding of the probate court, to recover the balance so due to the estate of C. Held: That the administrator de bonis non can not maintain an action on such finding against the representatives of the deceased administrator, but that he must seek his remedy under the statutes on thq administration bond of the decedent. ’ ’ A perusal of the opinion of the court will show that our. present question was not involved, and that the right of an administrator de bonis non to sue in the case there presented was the single question under discussion. It did not undertake to *206 determine who else might sne on the facts stated, unless an inference may be drawn from the language of the court at the bottom of page 398, where it is said: “Where the deceased administrator had disposed of the goods of the estate ’wrongfully the wrong died with him. # * # But such suit could be maintained only by creditors, legatees and distributees of the first decedent.” This seems to be the declaration of a rule quite unfavorable to the defendant in error, and 5 Randolph, 51, and other-cases are cited in its support.
Nor is his claim aided by Jones, Admr. v. Willis, Admr., 66 Ohio St., supra. That, too, was an action brought by an administrator de bonis non, and it concerned the very estate so conspicuous in this case.. The present counsel made that contest and, it involved the right of such administrator to sue and recover for the same default alleged in this action. The point decided in that case is stated in the syllabus : ‘ ‘ The personal representative of an executor who died in office, before an account was due or filed in reference to the'trust, is not. liable, under section 6020, Revised Statutes, to the administrator de bonis non of the testator in an action brought against him alone as such personal representative, to recover for unadministered assets of such testator where none of' such assets came into the possession or under the control of such personal representative. ’ ’
The construction of section 6020, supra, was the bone of contention in that case, and the administrator de bonis non claimed his right, to sue under that section which reads: “An administrator or executor appointed in place of an administrator or executor who has resigned, been removed, or whose letters *207 have been revoked or authority extinguished, shall be entitled to the possession of all the personal effects and assets of the estate unadministered, and may maintain a suit against the former executor or administrator and his sureties on administration bond for the same, and for all damages arising from the maladministration or omission of the former executor or administrator.”
The holding in that case, is to the effect that section 6020 did not embrace a case where the administrator or executor died in office as was the fact, and the right to sue was denied. The cases of Tracy v. Card, supra, and Curtis v. Lynch, supra, were there cited and followed.
We see no support in either of those decisions for the contention of defendant in error. But it is insisted that the plaintiff’s remedy, if she has one, is in tort for damages for devastavit. This proposition deserves some consideration. The amended petition alleges that all the debts against the estate of James M. Willis, testator, had been paid and, that too, before the citation of defendant in error, and the findings and order of the probate court made in pursuance thereof, so that no one but the legatees and residuary legatees are interested in the amount for. which the deceased executor should have accounted. While ordinarily, the rights of such legatees to sue and recover must wait the order of distribution to be made by the court, in this case such order can never be made, because the deceased executor, William R. Willis, never filed an account upon which an order of distribution could be made, and if such order is indispensable even on these facts, then the legatees are without remedy.
*208 We cannot concur in this view. There can be no order of distribution on any account filed by William R. as executor, for he filed none, and no citation could be issued against him to file one, for he died before an account was due.
Again, it is to be assumed from the averments of the amended petition that the estate of James M. Willis was and is solvent, and his will clearly fixes what the legacies are, and the claims of the legatees or residuary legatees, being fixed by the will need not be presented to the executor or his administrator for allowance. So the will fixes the .amounts to which, the legatees are entitled and the mode by which they are determined.
And if the findings of the probate court are correct in fixing the amount of money into which William R.’s indebtedness to his testator was transmuted, it would seem that the way is clear for the legatees and residuary legatees to enforce their rights.
The plaintiff avers that all persons interested have been made parties to this suit and if the facts necessary to make a cause of action in tort for devastavit, appear in the amended petition, it is not material what the form of action may be called, whether an action in equity or at law, or for devastavit, since the code has abolished the forms of action and marshaled them under the name of civil actions. If the action should be for devastavit, an accounting would be necessary. The amount of damages would depend on the amount chargeable and the amount of legal credits to which the executor would be entitled, for payments and disburse *209 ments made under the will and for all sums expended on behalf of the estate.
Besides this fact, the purpose of an action for devastavit is to fix a liability on the administrator or executor personally for his waste or conversion of assets.
Such an action is not available here, because the executor, who committed the waste or conversion, if any was committed, died before an account was due, and hence no such suit can be instituted against him. It cannot lie against his administrator in that form because it is not alleged that he committed the waste or conversion of assets of the éstate of James M. Willis. ' We think the argument fails to sustain the proposition as to that character of remedy.
All parties in interest being before the court in this action, a multiplicity of suits by various legatees is avoided, and whether under favor of' section 6200, Revised Statutes, or on the broad principles of equity, we are of opinion, the present action is prop- ‘ erly brought and can be maintained. It seems to be the only remedy. The executor, William R., was not. under bond and died without accounting. There should be and we think there is a remedy in the legatees and residuary legatees to enforce their rights under the will.
This action is against the estate of the deceased executor; and a. proper judgment or decree can be carried into effect upon equitable rules and principles and possibly in the method provided in section 6107, Revised Statutes.
The last proposition made for defendant in error,., is that the case made in the amended petition is; barred by the statute of limitations, and we are. *210 referred to sections 6113, 4981 and 4982, Revised Statutes.
We think neither of these sections is applicable to the case at bar.
We conclude that the circuit court erred in sustaining the demurrer and for this error, its judgment is reversed and the cause remanded to that court for further proceedings according to law.

‘Judgment reversed and cause remanded.

Davis,' C. J., Shauck, Crew and Spear, JJ., concur.
Summers, J., not sitting.